UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| JAMES L. CORDELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 4:05-cv-47 / 4:00-cr-13-01 |
| | ) | Judge Edgar |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | | |

**MEMORANDUM**

Federal prisoner James L. Cordell (Cordell") moves for post-conviction relief pursuant to 28 U.S.C. § 2255. Cordell makes two claims that he was deprived of his right to the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Cordell further claims that the judgment of conviction and sentence of imprisonment violate his right to due process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

The government opposes the § 2255 motion. After reviewing the record, the Court concludes that the motion is without merit. For the reasons expressed in this memorandum opinion, and for the reasons expressed by the government in its response, the § 2255 motion will be **DENIED**. The record conclusively shows that Cordell is not entitled to any relief under 28 U.S.C. § 2255. There is no need for an evidentiary hearing.

**I.     Standard of Review**

A federal prisoner may make a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct

1

his judgment of conviction or sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. To warrant relief under § 2255 based on an alleged constitutional error, Cordell bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

To warrant relief under § 2255 based on an alleged non-constitutional error, Cordell bears the burden of establishing that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Watson*, 165 F.3d at 488; *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

A § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Frady,* 456 U.S. 152, 167-68 (1982); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984).

Cordell cannot utilize a § 2255 motion to relitigate the same issues that were presented and decided in his direct appeal in *United States v. Cordell*, 87 Fed. Appx. 475 (6th Cir. Dec. 16, 2003), *cert. denied*, 542 U.S. 931 (2004). Issues which are presented and decided on direct appeal may not be relitigated in a § 2255 proceeding absent exceptional circumstances, e.g. actual innocence or an

2

intervening retroactive change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir. 1996).

Generally, an evidentiary hearing is required unless the record conclusively shows that the petitioner is not entitled to relief. Stated another way, an evidentiary hearing is not required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact. *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

**II.     Facts**

The Court finds that Cordell has not met this burden of showing that he is entitled to relief under 28 U.S.C. § 2255. Cordell has not established an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. Cordell also has not established that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of his constitutional right to due process of law.

The facts and procedural history of Cordell's underlying criminal case are summarized by the Sixth Circuit in *Cordell*, 87 Fed. Appx. 475. Tennessee state law enforcement officers arrested Cordell on two separate occasions in 1997. In April 1997, he was arrested for auto theft, altering motor vehicle registration numbers, and possession of marijuana. Cordell was later arrested on a separate charge for the rape of his child.

In 1997-1998, federal law enforcement agents became interested in Cordell and obtained information that he had employed a man of Hispanic descent in a scheme to manufacture and

3

distribute methamphetamine. The federal agents were able to locate the Hispanic individual, Ryan Mosqueira ("Mosqueira"). When interviewed, Mosqueira confirmed his role in a plan devised and concocted by Cordell to manufacture and distribute methamphetamine using Cordell's residence in Tennessee as the main base of operations.

Mosqueira initially met James Cordell and Vicki Cordell in California sometime in either late 1993 or early 1994. Vicki Cordell is the wife of James Cordell. The Cordells were attempting to purchase methamphetamine. Mosqueira told the Cordells that he (Mosqueira) knew the process for "cooking" and manufacturing methamphetamine. The Cordells persuaded Mosqueira to travel with them to their Tennessee home for the purpose of manufacturing and distributing methamphetamine.

The Cordells returned to Tennessee accompanied by Mosqueira. James Cordell used his automobile to transport Mosqueira from California to Tennessee. Mosqueira took up residence in the basement of the Cordells' house. Cordell supplied Mosqueira with food and clothing. Mosqueira began to "cook" and manufacture methamphetamine in a trailer located on the premises owned by Cordell using chemicals purchased by Cordell. Because Mosqueira was a stranger to the area, Cordell guided and transported Mosqueira by automobile to the various sources of the precursor chemicals they used to manufacture the methamphetamine. It was Cordell who brought the various buyers of the methamphetamine into the transaction. At one point, Cordell instructed Mosqueira to cut down and reduce the mixture of chemicals so as to maximize their profit from the sales of methamphetamine.

After approximately six months, Mosqueira terminated this arrangement and returned to California. To put it mildly, Mosqueira and Cordell had a "falling out." Cordell shot and wounded

4

Mosqueira in the back with a rifle while Mosqueira was trying to run away.

Cordell was convicted on the Tennessee state criminal charges in the Grundy County Criminal Court. On March 29, 1999, Cordell began serving his concurrent ten-year state sentences.

On November 15, 2001, a federal grand jury returned an eight-count superseding indictment against James and Vicki Cordell. Count One of the superseding indictment charged James and Vicki Cordell with conspiracy to manufacture and distribute in excess of 500 grams of methamphetamine in violation of 21 U.S.C. § 846.

James Cordell executed a plea agreement and he agreed to plead guilty to the conspiracy charged in Count One of the superseding indictment. In return, the government agreed to dismiss the remaining Counts Two-Eight. Cordell's counsel was able to negotiate a good plea agreement that was favorable to Cordell. On June 10, 2002, this Court held a rearraignment hearing. Cordell appeared in person and entered a knowing, voluntary plea of guilty. The Court conducted a very thorough, complete plea colloquy with Cordell in accordance with Fed. R. Crim. P. 11. This Court accepted the guilty plea and set sentencing for October 2, 2002.

The Probation Office prepared a presentence report (PSR) calculating that Cordell had a base offense level of 32. The following enhancements to the base offense level were recommended in the PSR: (1) two levels for Cordell's use of a rifle to shoot Mosqueira; (2) two levels for the shooting of Mosqueira; and (3) two levels pursuant to U.S.S.G. § 3B1.1(c) for Cordell's aggravating role in the conspiracy as an organizer, leader, manager or supervisor of fewer than five co-conspirators. Cordell received a three-level downward adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility based on his guilty plea. All this resulted in a total offense level of 35. The PSR also provided that the federal term of imprisonment should run consecutively to Cordell's

state sentence pursuant to U.S.S.G. § 5G1.3.

In the PSR, Cordell had a criminal history score of five, which was increased by two points because he was on probation at the time of the federal offense. This placed him in criminal history category IV. The PSR calculated the resulting guideline range to be 235 - 293 months imprisonment.

During the sentencing phase, counsel for Cordell provided zealous, competent legal representation. Cordell's counsel made the following objections to the PSR: (1) the quantity of methamphetamine (1.5 pounds or 680 grams) attributed to Cordell was incorrect; (2) the firearms possessed by Cordell were not connected to the methamphetamine conspiracy; (3) Cordell denied playing a leadership or management role in the conspiracy; (4) Cordell was not on probation at the time of the commission of the charged conspiracy; and (5) the Court had the authority and discretion to run the federal sentence concurrently with Cordell's state sentence.

At the sentencing hearing on December 2, 2002, the United States Attorney advised the Court that the parties had reached an agreement to reduce the criminal history score by two points which had been assessed in the PSR for Cordell's alleged status of being on probation when the federal offense was committed. This agreement by the parties placed Cordell in criminal history category III, and the applicable guideline range was reduced to 210 - 262 months.

Next, at the sentencing hearing counsel for Cordell presented oral argument on the objection to the PSR recommendation that the federal term of imprisonment should run consecutively to Cordell's state sentence pursuant to U.S.S.G. § 5G1.3. Cordell's counsel argued that the District Court had the discretion to order that the federal sentence run concurrently with Cordell's state sentence and that the equities of the situation called for a concurrent federal sentence. This Court

rejected this argument and denied the objection because the nature of the federal offense (conspiracy to manufacture and distribute methamphetamine) and the Tennessee state offenses were wholly unrelated to one another. The Court acknowledged the argument by Cordell's counsel as to the potential length of Cordell's total incarceration if the federal sentence ran consecutively to the state sentence. The Court determined that it was not the intent of the sentencing guidelines or any federal statute that a person in Cordell's situation would not be sanctioned for completely separate, unrelated criminal offenses and would not have his sentences run consecutively. This matter is discussed by the Sixth Circuit in *Cordell*, 87 Fed. Appx. at 477.

Next, at the sentencing hearing this Court heard oral argument on Cordell's objection to the PSR recommendation that he receive a two level enhancement pursuant to U.S.S.G. § 3B1.1(c) for his aggravating role in the conspiracy as an organizer, leader, manager or supervisor of fewer than five co-conspirators. The objection was denied. Mosqueira gave testimony which is summarized above concerning Cordell's aggravating role in the conspiracy as an organizer, leader, and manager. This Court determined that Mosqueira was credible and that the U.S.S.G. § 3B1.1(c) two-level enhancement was proper. This is discussed by the Sixth Circuit in *Cordell*, 87 Fed. Appx. at 477.

Cordell was sentenced to a term of federal imprisonment for 236 months to run consecutively to his state sentence of imprisonment imposed pursuant to the judgment of conviction of the Criminal Court of Grundy County, Tennessee. This Court also sentenced Cordell to a term of supervised release for four years.

Cordell took a direct appeal from the judgment of conviction and sentence to the Court of Appeals for the Sixth Circuit. On direct appeal, Cordell raised two issues. Cordell argued that: (1) the District Court committed error by running the federal sentence consecutively to the state

sentence under U.S.S.G. § 5G1.3; and (2) the District Court committed error by imposing a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c) for Cordell's aggravating role in the conspiracy as an organizer, leader, or manager. The Sixth Circuit analyzed and rejected these two arguments. The Sixth Circuit affirmed the judgment and sentence, and dismissed the appeal. *Cordell*, 87 Fed. Appx. 475.

## III. Ineffective Assistance of Counsel Claims

### A. Standard of Review: *Strickland* Test

The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall have to right to assistance of counsel for his defense. Ineffective assistance of counsel in violation of the Sixth Amendment occurs when an attorney's deficient performance causes actual prejudice to the criminal defendant. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004); *Skaggs v. Parker*, 235 F.3d 261, 266-67 (6th Cir. 2000); *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

*Strickland* established a two-part test for deciding Sixth Amendment claims of ineffective assistance of counsel. First, Cordell must establish that his attorney's performance was deficient. Second, Cordell is required to demonstrate that his counsel's deficient performance prejudiced his defense by depriving Cordell of a fair proceeding. *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836-37; *Griffin*, 330 F.3d at 736; *Smith v. Mitchell,* 348 F.3d 177, 199 (6th Cir. 2003); *Mason v. Mitchell,* 320 F.3d 604, 616 (6th Cir. 2003); *Wickline v. Mitchell,* 319 F.3d 813, 819 (6th Cir. 2003); *Skaggs*, 235 F.3d at 267.

The first prong of the *Strickland* test requires Cordell to show that his attorney's

8

representation was deficient, i.e. fell below an objective standard of reasonableness. Cordell must show that his counsel made such serious errors that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687-88; *Sowell*, 372 F.3d at 836; *Wickline,* 319 F.3d at 819; *Carter v. Bell*, 218 F.3d 581, 591 (6th Cir. 2000); *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995).

The Court's scrutiny of the reasonableness of defense counsel's performance is highly deferential. Counsel is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90 (strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance); *Sowell*, 372 F.3d at 837; *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Mason,* 320 F.3d at 616-17; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 268; *Austin*, 126 F.3d at 848; *West*, 73 F.3d at 84; *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994).

Strategic choices made by an attorney after thorough investigation of the relevant facts and law are virtually unchallengeable. Strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgment supports the limitation or restriction placed on the investigation. Defense counsel has duty to make a reasonable investigation under the circumstances or to make a reasonable decision that a particular investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Skaggs*, 235 F.3d at 268.

The second prong of the *Strickland* test requires Cordell to show that his attorney's deficient performance caused actual prejudice to his case. *O'Hara*, 24 F.3d at 828; *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993). The prejudice component focuses on the question whether

9

counsel's deficient performance renders the result of the criminal proceeding unreliable or fundamentally unfair. *Lockhart*, 506 U.S. at 372; *Skaggs*, 235 F.3d at 270. The Court must determine whether the performance of Cordell's counsel was so manifestly deficient and ineffective that defeat was snatched from the hands of probable victory. *West*, 73 F.3d at 84; *Lewis*, 11 F.3d at 1352; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

To satisfy the prejudice element, Cordell must show there is a reasonable probability that, but for the errors and deficient performance of his attorney, the result of Cordell's criminal proceeding would have been different and more favorable to him. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the criminal proceeding. *Strickland*, 466 U.S. at 693-94; *Humphress*, 398 F.3d at 859; *Campbell*, 364 F.3d at 730; *Griffin*, 330 F.3d at 736; *Mason,* 320 F.3d at 617; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 270-71; *Carter*, 218 F.3d at 591; *Arredondo*, 178 F.3d at 782; *Austin*, 126 F.3d at 848; *West*, 73 F.3d at 84. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

Cordell was convicted and sentenced based on his plea agreement and guilty plea. A knowing and voluntary guilty plea made by a defendant who has been advised by competent counsel may not be collaterally attacked. *United States v. Broce*, 488 U.S. 563, 574 (1989), citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). A defendant may show that his guilty plea was not a voluntary and intelligent act because his attorney rendered ineffective assistance of counsel in violation of the Sixth Amendment. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Ray v. Rose*, 491 F.2d 285, 289-90 (6th Cir. 1974); *Beasley v. United States*, 491 F.2d 687 (6th Cir. 1974).

10

Where a Sixth Amendment claim of ineffective assistance of counsel is made in a § 2255 proceeding in the context of a guilty plea, the prejudice prong of the *Strickland* test is adjusted. Cordell is required to allege and show there is a reasonable probability that, but for his counsel's errors and deficient performance, Cordell would not have executed the plea agreement, he would not have pleaded guilty to Count One, and he would have insisted on going to trial on all eight counts in the superseding indictment. *Hill*, 474 U.S. at 58-59; *Humphress*, 398 F.3d at 858-59; *Griffin*, 330 F.3d at 736-37; *Miller v. Straub*, 299 F.3d 570, 578 (6th Cir. 2002); *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998); S*ullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993); *United States v. Lujan*, 2006 WL 2706790, \*\* 5-10 (E.D. Tenn. Sept. 15, 2006); *Mayes v. United States*, 93 F. Supp.2d 882, 890 (E.D. Tenn. 2000). In discussing this standard of prejudice, the Supreme Court in *Hill* emphasized the important fundamental interest in the finality of guilty pleas. *Hill*, 474 U.S. at 58; *see also Mayes*, 93 F. Supp.2d at 890.

### B. <u>Claim of Coercion By Defense Counsel to Plead Guilty</u>

In his first ineffective assistance of counsel claim, Cordell makes a vague, conclusory allegation that his attorney "coerced" Cordell to plead guilty in violation of his right to due process secured under the Sixth and Fourteenth Amendments to the United States Constitution. In the second paragraph on page 5a of his § 2255 motion, Cordell alleges: "Trial counsel did coerce Petitioner [Cordell] to plead guilty, failed to advise the Petitioner that the Government must prove every element of the crime charged. Had the Petitioner been advised of such Petitioner would not have plead guilty and the outcome of the trial would have been different."

The Court construes this statement to mean that Cordell claims he was coerced into pleading guilty based solely on the ground that his counsel negligently failed to advise Cordell that the

11

government had the burden of proving every element of the crime charged beyond a reasonable doubt. Cordell does not bother to explain how or why such alleged conduct on the part of his counsel amounts to coercion. Cordell does not assert that his counsel used any threats or force to dominate Cordell and compel him to plead guilty against his will. This conclusory, self-serving allegation by Cordell does not establish or make a *prima facie* showing that his decision to plead guilty was coerced. At most, Cordell merely contends that his attorney was ineffective by failing to provide him with competent legal advice. This does not amount to coercion.

Cordell's reliance on the Due Process Clause in the Fourteenth Amendment is misplaced. This 28 U.S.C. § 2255 proceeding concerns the validity of Cordell's underlying federal criminal judgment of conviction and sentence. The Due Process Clause in the Fourteenth Amendment is not applicable here because it only prohibits the States from depriving persons of life, liberty, or property without due process of law. The Fourteenth Amendment does not implicate and apply to the actions of the United States government, and it does not provide a source of constitutional rights to defendants in federal criminal cases. The instant § 2255 proceeding does not involve any state action that falls within the scope of the Fourteenth Amendment. It is the Fifth Amendment Due Process Clause that is applicable to and circumscribes the actions of the United States government. *United States v. Morrison*, 529 U.S. 598, 621 (2000); *Shelly v. Kraemer*, 334 U.S. 1, 13 (1948); *Bybee v. City of Paducah*, 46 Fed. Appx. 735, 737 (6th Cir. 2002); *Chapman v. Higbee Co.*, 256 F.3d 416, 425 n. 10 (6th Cir. 2001); *Scott v. Clay County, Tennessee*, 205 F.3d 867, 873 n. 8 (6th Cir. 2000); *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981). If Cordell has a due process claim in this 28 U.S.C. § 2255 proceeding concerning the validity of his federal judgment of conviction and sentence, it must fall under the Due Process Clause in the Fifth Amendment, not the Fourteenth

Amendment.

Cordell's claim of ineffective assistance of counsel must be analyzed and decided based on the Sixth Amendment and the *Strickland* test, not the Fifth Amendment Due Process Clause. The Court agrees with the government that this "coercion" claim by Cordell is without merit and must be denied for the following reasons.

The claim is patently deficient on its face. The claim is too vague, conclusory, and lacking in substantive factual details. Cordell has not met his burden of setting forth and articulating specific facts showing that he is entitled to relief under 28 U.S.C. § 2255. Mere conclusions, which are not substantiated by allegations of fact with some probability of verity, are insufficient to warrant an evidentiary hearing. A § 2255 motion that merely asserts general conclusions of law without sufficient substantiating allegations of fact is without legal merit. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *Stamper v. United States*, 2008 WL 2811902, * 1 (E.D. Tenn. July 18, 2008); *Garnica v. United States,* 361 F. Supp.2d 724, 735 (E.D. Tenn. 2005); *United States v. Cook*, 2005 WL 1429303, * 2 (E.D. Tenn. Feb. 11, 2005). For this reason alone, Cordell's bare claim that his counsel "coerced" him into pleading guilty fails.

The claim is also directly contradicted and refuted by the record. Pursuant to Fed. R. Crim. P. 11, this Court asked Cordell certain questions when taking his guilty plea. The procedure under Rule 11 creates a record that can be relied upon to insulate the guilty plea from being challenged by Cordell in any appeals and collateral attacks under 28 U.S.C. § 2255. *Key v. United States*, 806 F.2d 133, 136 (7th Cir. 1986); *Stamper*, 2008 WL 2811902, at * 8. In determining whether the guilty plea has been coerced, this Court considers Cordell's answers to questions posed at his Rule 11 plea

13

hearing. The answers and statements made by Cordell under oath carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Stamper*, 2008 WL 2811902, at ** 8-9. Because this Court scrupulously followed and complied with the procedure for taking a guilty plea pursuant to Fed. R. Crim. P. 11, Cordell is bound by the statements that he made in response to the Court's inquiry. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993); *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986); *Stamper*, 2008 WL 2811902, at ** 8-9.

During the Rule 11 hearing on Cordell's plea agreement and guilty plea on Count One, Cordell stated that no person had forced or coerced him to plead guilty. Cordell also stated that his guilty plea was voluntary, and he was pleading guilty because he is in fact guilty. The Court informed Cordell of the elements of the offense. The Court further advised Cordell that if the case went to trial, the government would have the burden of proving every element beyond a reasonable doubt, and Cordell indicated that he understood this. Consequently, it is immaterial whether defense counsel may have failed to advise Cordell that the government had the burden of proving every element of the crime charged because the Court so advised Cordell when he entered his guilty plea.

The Court finds that Cordell's claim of coercion to plead guilty is wholly incredible and is refuted by the court record. Cordell has made nothing more than a self-serving, conclusory allegation. Cordell has not satisfied his heavy burden of rebutting the strong presumption that the statements he made at the Rule 11 hearing on his guilty plea are true and correct. The Court concludes that the ineffective assistance of counsel claim fails because Cordell's knowing and voluntary guilty plea was not coerced, and he has not suffered any prejudice as a result of the alleged deficient performance of his counsel.

14

Cordell cannot satisfy the prejudice prong of the *Strickland* test in the context of his guilty plea. *Hill*, 474 U.S. at 58-59; *Lujan*, 2006 WL 2706790, ** 6-7. Cordell does not allege in his § 2255 motion and he fails to show there is a reasonable probability that, but for his counsel's alleged deficient performance, the outcome of the criminal proceeding would have been different and more favorable to him. Cordell does not contend that if he had been advised by counsel that the government had the burden of proving the elements of the crime, then Cordell would have rejected the plea agreement, pleaded not guilty to all eight charges, and proceed to trial on all eight counts in the superseding indictment. What Cordell fails to comprehend in his § 2255 motion is that if he had rejected the plea agreement and insisted on pleading not guilty to Count One, he would have gone to trial on all eight charges in the indictment and not merely Count One.

Cordell labors under that erroneous belief that he would have had the option of pleading not guilty on Count One and going to trial only on Count One without also going to trial on Counts Two-Eight of the indictment. This was simply not an option. Given the strength of the government's case against Cordell, and given the substantial benefits that accrued to him by executing the plea agreement, pleading guilty only to Count One and having the remaining Counts Two-Eight dismissed, the Court finds it is exceedingly unlikely and highly improbable that Cordell would have rejected the favorable plea agreement and insisted on going to trial on all eight charges in the indictment. *See e.g. Lujan*, 2006 WL 2706790, ** 6-7.

Based on the facts and circumstances in this case, Cordell's plea agreement and his guilty plea on Count One are objectively reasonable and do not demonstrate ineffective assistance of counsel. *Id.* The evidence of Cordell's guilt was overwhelming. There is no good reason to believe that the government would have had any difficulty in proving at trial that Cordell was guilty on all

15

eight charges in the indictment. Cordell's decision to enter into the plea agreement and plead guilty to only Count One was clearly in his best interests. Cordell could have done far worse if he had rejected the plea agreement and insisted on going to trial on all eight charges. As the government correctly explains on page 7 of its response to the § 2255 motion, if Cordell had been convicted on all eight charges at trial, he would have been facing a sentencing guideline range of 324-405 months, with no downward departure for acceptance of responsibility.

Accordingly, Cordell's first Sixth Amendment claim of ineffective assistance of counsel fails.

**C.      Claim of Ineffective Counsel on Direct Appeal**

Cordell next claims that his counsel was ineffective for failing to raise an issue on direct appeal that Cordell's sentence violated his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution. However, as discussed *supra*, the Fourteenth Amendment only concerns state action and it is not applicable to the United States government. Cordell's ineffective assistance of counsel claim must be analyzed and decided based on the Sixth Amendment right to counsel and the *Strickland* test.

Cordell argues that his sentence guideline range should have been calculated using a base offense level of 32 without a two-level enhancement under U.S.S.G. § 3B1.1(c) for his aggravating role in the conspiracy as an organizer, leader, manager, or supervisor. Cordell contends that he did not admit and plead guilty to being an organizer, leader, or manager of the drug conspiracy charged in Count One. It was only during the sentencing phase that the government raised the argument that Cordell was an organizer, leader, or manager. The Court imposed a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c), and Cordell argues this is unconstitutional because the Court made the determination and finding that Cordell was an organizer, leader, manager, or supervisor by a

16

preponderance of the evidence at sentencing. The government was not required to prove it by the higher standard of proof beyond a reasonable doubt. Thus, Cordell argues that his sentence is unconstitutional and void, and he demands to be resentenced

Although he does not cite any law, the Court infers that Cordell is making a Sixth Amendment ineffective assistance of counsel claim based upon a retroactive application of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). This claim fails and must be denied. *Blakely* and *Booker* were decided after Cordell was sentenced and after his direct appeal had been dismissed by the Sixth Circuit. Cordell was convicted and sentenced in this District Court in December 2002. His direct appeal was dismissed by the Sixth Circuit Court of Appeals on December 16, 2003. *Cordell*, 87 Fed. Appx. 475. The United States Supreme Court subsequently decided *Blakely* on June 24, 2004, and decided *Booker* on January 12, 2005.

Cordell's counsel was not ineffective for failing to anticipate and predict the future decisions in *Blakely*, *Booker*, and their progeny. The Court finds that the performance of Cordell's counsel on direct appeal was objectively reasonable under the circumstances. In sum, Cordell's counsel was not ineffective for failing to raise and present arguments in Cordell's direct appeal in 2002-2003 based on the new criminal rules and changes in the law which were later established by the Supreme Court in *Blakely* and *Booker*. The Sixth Circuit and this District Court in the Eastern District of Tennessee have rejected analogous claims of ineffective assistance of counsel. *United States v. Burgess*, 142 Fed. Appx. 232, 239-41 (6th Cir. 2005); *Crisp v. United States*, 2006 WL 2548322, \*\* 10-11 (E.D. Tenn. Aug. 30, 2006); *Bolt v. United States*, 2006 WL 849854, \*\* 5-6 (E.D. Tenn. March 31, 2006); *Sloan v. United States*, 2006 WL 686875, \*\* 4-5 (E.D. Tenn. March 16, 2006); *Farmer v. United States*, 2005 WL 2811885, \*\* 4-6 (E.D. Tenn. Oct. 26, 2005); *United States v.*

*Call*, 2005 WL 1840258, ** 4-7 (E.D. Tenn. Aug. 2, 2005).

## IV.     Claim That Sentence Violates Constitutional Due Process

Cordell's final § 2255 claim is similar to and based on the same fundamental premise as his ineffective assistance of counsel on direct appeal claim discussed *supra* in Section III.C of this memorandum opinion. Although Cordell does not expressly cite *Booker*, 543 U.S. 220, it is obvious that he seeks relief based on a retroactive application of *Booker*. Cordell claims that the two-level enhancement of his guideline sentence under U.S.S.G. § 3B1.1(c) for his aggravating role in the conspiracy as an organizer, leader, manager, or supervisor violates his right to due process under the Fifth Amendment and Fourteenth Amendment. Cordell argues that the government should have been required to prove this beyond a reasonable doubt and it was unconstitutional for the District Court to decide the issue during the sentencing phase by a preponderance of the evidence. Cordell contends that his sentence is unconstitutional and void, and he demands to be resentenced

This claim fails. *Booker* cannot provide any collateral post-conviction relief to Cordell. It is well settled that *Booker* does not apply retroactively to cases on collateral review under 28 U.S.C. § 2255. *Humphress* , 398 F.3d at 860-63; *accord, Taniguchi v. United States*, 262 Fed. Appx. 714 (6th Cir. 2008); *Valentine*, 488 F.3d at 328-31; *Hicks v. United States*, 258 Fed. Appx. 850, 854 (6th Cir. 2007); *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005); *Tribble v. United States*, 2008 WL 1859880, * 11 (E.D. Tenn. April 23, 2008); *Talley v. United States*, 2006 WL 3422997, ** 23-24 (E.D. Tenn. Nov. 27, 2006); *Tramble v. United States*, 2005 WL 1421618  2997, * (E.D. Tenn. June 15, 2005).

## V. Conclusion

Accordingly, the motion by James L. Cordell for post-conviction relief pursuant to 28 U.S.C. § 2255 will be **DENIED**. A separate order will enter.

　　　　　　　　　　　　　　　　　　*/s/ R. Allan Edgar*
　　　　　　　　　　　　　　　　　R. ALLAN EDGAR
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE